1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  CATHERINE A. RIVLIN
   Supervising Deputy Attorney General
6  State Bar No. 115210
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, CA 94102-7004
     Telephone: (415) 703-5977
8    Fax: (415) 703-1234
     Email: catherine.rivlin@doj.ca.gov
9  Attorneys for Respondent

10

11 BARRY L. MORRIS
   Attorney at Law
12 State Bar No. 48368
   1260 B Street, Suite 220
13 Hayward, CA 94541
   (510) 247-1100 (telephone)
14 (510) 601-0229 (fax)
   Attorney for Petitioner

IT IS SO ORDERED AS MODIFIED
Judge James Ware
9/25/2007
*** AMENDED***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **CHARLES VANEY QUEEN,** | C 99-21067 JW |
| Petitioner, | |
| v. | |
| **ANTHONY C. NEWLAND, Warden,** | |
| Respondent. | |

***AMENDED*** **JOINT STATUS REPORT AND STIPULATION**

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
CATHERINE A. RIVLIN
Supervising Deputy Attorney General
State Bar No. 115210
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5977
  Fax: (415) 703-1234
  Email: catherine.rivlin@doj.ca.gov
Attorneys for Respondent


BARRY L. MORRIS
Attorney at Law
State Bar No. 48368
1260 B Street, Suite 220
Hayward, CA  94541
(510) 247-1100 (telephone)
(510) 601-0229 (fax)
Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **CHARLES VANEY QUEEN,** | C 99-21067 JW |
| Petitioner, | **JOINT STATUS REPORT AND STIPULATION** |
| v. | |
| **ANTHONY C. NEWLAND, Warden,** | |
| Respondent. | |

By order filed August 10, 2007, this Court set a pretrial conference for September 26, 2007, and an evidentiary hearing for October 10 and 11, 2007. As this Court is aware, this case is on remand from the Ninth Circuit, Case No. 03-16187, for this Court to "develop the record" and make a determination on whether petitioner is entitled to equitable tolling based on his mental health

and his allegation regarding the lack of AEDPA materials prior to 1998 at CSP-Solano in light of *Laws v. Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003) and *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000)(en banc). Petitioner's conviction became final on direct appeal in 1991. The AEDPA year for all inmates whose appeals were final before the statute became effective runs from April 24, 1996, to April 24, 1997. Petitioner was at Calipatria State Prison until October 2, 1996. Petitioner was at Salinas Valley State Prison from October 2, 1996 to April 25, 1997. On April 25, 1997, he transferred to CSP-Solano. In addition to asserting a lack of AEDPA library materials, petitioner provided medical records through November 13, 1997. Exh. A to Objection to Respondent's Motion to Dismiss, filed January 23, 2001.

A. <u>An Evidentiary Hearing Is Not Required On The Libraries Question Or On The Question Of Whether Petitioner Is Entitled To Equitable Tolling For Any Period Up To November 14, 1997</u>

Following remand, this Court initially asked counsel to address whether an evidentiary hearing will be necessary, or whether the case may be resolved by expansion of the record. Respondent proposes that the parties and the Court dispense with the evidentiary hearing on the libraries question in light of the order in *Hardison v. Newland,* No. C 98-4517 CRB, in which Judge Breyer, after conducting a three-day evidentiary hearing, determined that CSP-Solano received a new and complete copy of 28 U.S.C., including the text of the AEDPA, on November 14, 1997. Resp. Exh. A. That is, respondent is offering to deem November 14, 1997, the first day of petitioner's AEDPA year. Petitioner accepts this suggestion.

While respondent does not concede that any particular institution was deficient during any particular period, respondent here recognizes that petitioner was at three different institutions during the presumptive AEDPA year and immediately afterwards. In light of the *Hardison* result and the passage of time, it simply does not seem like a worthwhile use of judicial, attorney or witness resources to reconduct the CSP-Solano hearing, or to broaden the inquiry to two additional far-flung institutions, to determine at this late date what books were on the prison library shelves for particular months in 1996 and early 1997. The parties' stipulation that the *Hardison* result may be deemed determinative on the question of library tolling as to petitioner renders it unnecessary to determine if petitioner was mentally challenged so as to give rise to equitable tolling on any of the days when

the AEDPA text might have been available to him prior to November 14, 1997.

For this reason the parties stipulate that the evidentiary hearing presently scheduled for October 10 and 11, 2007, may be vacated.

B. <u>The Remaining Question, Whether There Was Statutory Or Equitable Tolling Rendering The October 26, 1999, Filing Timely, Is Not Ripe For An Evidentiary Hearing, But May Become So</u>

Even if the parties and the Court adopt the *Hardison* date of November 14, 1997, as the first date of petitioner's effective AEDPA year, however, the period from November 14, 1997, to the filing of the federal petition on October 26, 1999, must be analyzed. The parties may not entirely agree on the details of this analysis, but do agree that an appropriate method of getting the ball rolling on this next phase of the case is for respondent to file a renewed motion to dismiss. Respondent does so concurrently.

C. <u>Petitioner Requests 60 Days To Address The Issues Of Statutory And Equitable Tolling</u>

To move things along, respondent is filing a renewed motion to dismiss the petition as untimely. Petitioner requests 60 days to respond to this argument and present any additional exhibits relevant to statutory or equitable tolling during the period November 14, 1997, to October 26, 1999. Respondent agrees this is a reasonable time frame and a reasonable next step. All previous argument and evidence in this case has been directed to refuting respondent's original position that the 1988 and 1989 state petitions were irrelevant because they could not resuscitate a statutory limitations period that had already expired. There were three petitions filed in state court during this period.[1] In light of the *Hardison* stipulation and the recent United States Supreme Court opinion in *Evans v. Chavis*, 546 U.S. 189, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006), the timeliness of the state collateral petitions and the statutory and/or equitable tolling, if any, which may fill in the

---

1. Petitioner's superior court writ petition was filed on April 29, 1998, and denied on May 27, 1998. Pet. Exh. D. His court of appeal petition for writ of habeas corpus was filed on August 21, 1998, and denied on February 17, 1999. Pet. Exh. E. His petition in the California Supreme Court was filed on April 29, 1999, and denied on July 28, 1999. Pet. Exh. F. The present petition for writ of habeas corpus was filed on October 26, 1999.

Joint Status Report And Stipulation - C 99-21067 JW

1  gaps between and around them, have become relevant.

2  **CONCLUSION**

3  Accordingly, respondent and petitioner concur that the evidentiary hearing dates may be
4  vacated, petitioner given 60 days from the status conference date of September 26, 2007, to oppose
5  respondent's renewed motion to dismiss, to which respondent may reply within 30 days, and the
6  matter submitted to the Court for determination of whether the matter may be determined on this
7  basis or whether further development of the record by evidentiary hearing is required.

8  Dated: September 25, 2007

9  Respectfully submitted,

10 EDMUND G. BROWN JR.
   Attorney General of the State of California

11 DANE R. GILLETTE
   Chief Assistant Attorney General

12 
13 GERALD A. ENGLER
   Senior Assistant Attorney General

14 PEGGY S. RUFFRA
   Supervising Deputy Attorney General

15

16
17  /s/ CATHERINE A. RIVLIN
   Supervising Deputy Attorney General

18 Attorneys for Respondent

19

20
21 BARRY L. MORRIS
   Attorney at Law

22 Attorney for Petitioner

23 **IT IS SO ORDRED AS MODIFIED**:

   Having reviewed the parties joint status report and stipulation, the Court VACATES the Pretrial
24 Conference set for September 26, 2007.

25  The Court also finds that the need for an Evidentiary Hearing unecessary pursuant to the parties
   joint status report. The Court also VACATES the Evidentiary Hearing set for October 10 - 11,
26 2007. The parties shall file anticipated Motions and briefing on the remaining issues according to

***AMENDED***  the **parties stipulation**. The Court submits these anticipated motions and briefing on the papers. If
27 needed the Court shall set a further hearing subject to its availability.

28 Date:   September 25, 2007                               _____
                                                            United States District Judge

4