IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES VANEY QUEEN,<br><br>    Petitioner,<br><br>  vs.<br><br>ANTHONY C. NEWLAND, Warden,<br><br>    Respondent. | No. C 99-21067 JW (PR)<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION; TO SHOW CAUSE; TERMINATING APPOINTMENT OF PRO BONO COUNSEL<br><br>(Docket No. 66) |

Petitioner, a California state inmate, filed a petition in pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. The Court granted respondent's motion to dismiss the petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and judgment was entered in favor of respondent on March 20, 2008. Petitioner has filed a motion for reconsideration under Rule 59 of the Federal Rules of Civil Procedures on the grounds that the decision by the United States Court of Appeal for the Ninth Circuit in Harris v. Carter, 515 F.3d 1051 (9th Cir. 2008), "effected a material change in the law of equitable estoppel as applied to petitioner's claims in the above entitled case." (Docket No. 66.)

///

Order Granting Motion for Reconsideration
P:\PRO-SE\SJ.JW\OLD ORDERS\HC.99\Queen21067_recons.wpd

The Ninth Circuit held in Harris that a petitioner was entitled to equitable tolling because he had relied in good faith upon then-binding circuit precedent (later overruled by the Supreme Court) in making the tactical decision to delay filing his federal petition even though he could have filed it earlier. Harris, 515 F.3d at 1053. Like the prisoner in Harris, petitioner claims he relied on then-binding circuit precedent, *i.e.*, Dictado v. Ducharme, 244 F.3rd 724 (9th Cir. 2001), while he was pursuing his remedies in the state courts.

The Ninth Circuit held in Dictado that the limitations period was tolled by the prisoner's diligent pursuit of his "properly filed" personal restraint petitions in state court. 189 F.3d at 891. However, the Supreme Court later stated in Pace that time limits are "filing conditions" and thereby found that "[b]ecause the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 412-13 (2005) (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." Id. at 413. Therefore, Pace abrogated Dictado such that an untimely filed state habeas petition no longer tolled the AEDPA limitations period.

Like the instant case, the federal habeas petition in Harris was also dismissed as untimely under Pace. The Ninth Circuit reversed the district court's decision and found petition was entitled to equitable tolling based on the following:

> Harris' circumstances justify equitable tolling under both our circuit's standard and the *Pace* standard. Harris diligently pursued his rights. He filed successive petitions for state post-conviction relief while ensuring that enough time would remain to file a federal habeas petition under the then existing *Dictado* rule. The Supreme Court's overruling of the *Dictado* rule made it impossible for Harris to file a timely petition. Harris' petition became time barred the moment that *Pace* was decided. Finally, Harris had no control over the operative fact that caused his petition to become untimely – the Supreme Court's decision in *Pace*. These are precisely the circumstances in which equitable principles justify tolling of the statute of limitations.

Harris, 515 F.3d at 1053.

The instant case is not unlike <u>Harris</u>. The parties stipulated that November 14, 1997 would be the first day of petitioner's AEDPA year. Absent tolling, petitioner had one year, *i.e.*, until November 14, 1998, to file a federal habeas petition. See <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Federal Rule of Civil Procedure 6(a)). The limitations period ran for 166 days before petitioner filed a state habeas petition on April 29, 1998, which was denied by the state superior court on May 27, 1998. Petitioner sought review in the state court of appeal 86 days later on August 21, 1998, and was denied on February 17, 1999. (Pet. Ex. E.) Then 71 days later, petitioner filed the petition in the state high court on April 29, 1999, and was denied on July 28, 1999. (Pet. Ex. F.) Petitioner then filed the instant habeas petition 90 days later on October 26, 1999. The Court found that petitioner was not entitled to gap tolling for any period of time period after February 17, 1999, because the state petition to the California Supreme Court was denied as untimely and therefore not a properly filed petition nor pending within the meaning of § 2254(d)(2). (<u>See</u> Docket No. 63 at 6.) Under <u>Dictado</u>, however, petitioner would have been entitled to tolling for the entire period his petition was pending in state courts, notwithstanding the fact that the last petition was denied as untimely, *i.e.*, from April 29, 1998, when he filed his state habeas petition in superior court, until July 28, 1999, when the state high court denied review. See <u>Carey</u>, 536 U.S. at 221-23. Petitioner therefore would have had a remaining 199 days to file a timely federal habeas petition, *i.e.*, no later than February 12, 2000. Petitioner filed the instant petition on October 26, 1999. Similar to <u>Harris</u>, petitioner's federal habeas petition would have been timely but for the Supreme Court decision in <u>Pace</u>.

Based on the recent Ninth Circuit decision in <u>Harris v. Carter</u>, this Court finds cause to reconsider its order granting respondent's Motion to Dismiss. Accordingly, petitioner's motion for reconsideration (Docket No. 66) is GRANTED. The Order Granting Motion to Dismiss, (Docket No. 63), and Judgment, (Docket No. 64), are

Order Granting Motion for Reconsideration
P:\PRO-SE\SJ.JW\OLD ORDERS\HC.99\Queen21067_recons.wpd 3

1  VACATED. The case shall proceed on the merits.

2  Petitioner alleges the following claims as grounds for federal habeas relief:
3  (1) trial counsel rendered ineffective assistance; (2) appellate counsel was
4  ineffective; (3) the trial court "erred" in specified ways; and (4) the prosecutor
5  engaged in misconduct in closing argument. Liberally construed, petitioner's claims
6  appear cognizable under § 2254 and merit an answer from respondent.

7  Pro bono counsel was appointed for the limited purpose of representing
8  petitioner in connection with the issues addressed in the Court order filed May 22,
9  2006, *i.e.*, whether petitioner was entitled to equitable tolling, in accordance with the
10 Ninth Circuit's ruling on remand. (See Docket No. 44.) The issue of equitable
11 tolling having been settled, appointment of counsel is no longer necessary.
12 Accordingly, pro bono counsel is terminated. Petitioner shall proceed in pro se in
13 this action.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

17  1.  The clerk shall reopen the file. The clerk shall serve by certified mail a
18 copy of this order on the Attorney General of the State of California. The clerk shall
19 also mail a copy to the Federal Public Defender's Office in San Jose as notice of the
20 termination of pro bono counsel.

21  2.  Respondent shall file with the court and serve on petitioner, within
22 **ninety (90) days** of the issuance of this order, an answer conforming in all respects
23 to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
24 habeas corpus should not be issued. Respondent shall file with the answer and serve
25 on petitioner a copy of all portions of the state trial record that have been transcribed
26 previously and that are relevant to a determination of the issues presented by the
27 petition.

28  If petitioner wishes to respond to the answer, he shall do so by filing a

Order Granting Motion for Reconsideration
P:\PRO-SE\SJ.JW\OLD ORDERS\HC.99\Queen21067_recons.wpd 4

traverse with the court and serving it on respondent within **forty-five (45) days** of his receipt of the answer.

Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

DATED: March 11, 2009

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES VANEY QUEEN, | Case Number: CV99-21067 JW |
| Petitioner, | **CERTIFICATE OF SERVICE** |
| v. | |
| ANTHONY C. NEWLAND, Warden, | |
| Respondent. / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/13/2009 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Barry L. Morris
1260 B Street, Suite 220
Hayward, CA 94541

Dated: 3/13/2009

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk